UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. OBERPRILLER,<br><br>  Petitioner,<br><br>  v.<br><br>C. NOLL, and<br>R. GROUNDS,<br><br>  Respondents.<br>_____ / | No. C 09-5531 CRB (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a pro se state prisoner. For the reasons set forth below, the petition is DENIED.

### BACKGROUND

In 2009, Soledad State Prison staff filed a rules violation report ("RVR") in which it was alleged that petitioner manipulated staff. A disciplinary hearing was held consequent to the RVR at which petitioner was found guilty of "Manipulation of Staff," a violation of California Code of Regulations, tit. 15 § 3013, which states that "[i]nmates shall not attempt to gain special consideration or favor from other inmates, employees, institution visitors or any other person by the use of bribery, threat or other unlawful means."

At the RVR hearing, a prison nurse, Williams, testified that she told petitioner that he could not have a previously prescribed medication until the next day at the earliest because a doctor needed to sign a renewal form. (Pet., Ex. D at 3.) Williams also testified that petitioner visited the medical dispensary at least five times that day to try to obtain his medication, sometimes in a loud, demanding, and argumentative manner. (Id. at 3–4.) Petitioner testified to the contrary, asserting that the conversation was never "heated": "I never demanded anything. My demeanor was calm." (Id. at 4.) Williams further testified that petitioner approached several other staff members in an attempt to procure his medication. (Id. at 3.) Petitioner testified that he visited Williams only two times that day, and that he asked a correctional officer, Glaze,

> to call to see if I could get some other medication because it was Friday and I knew that if I didn't get some medication, I would probably have to wait until Monday. He called and when he got off of the phone he said, [']the [n]urse told him that if I kept bothering them they were going to write me up.'

(Id. at 5.) Petitioner testified that the next day he asked Glaze again to call regarding his medication, which petitioner received later that day. (Id.)

Consequent to the disciplinary hearing, prison authorities found petitioner guilty of manipulating staff, and assessed a 30-day forfeiture of credits as punishment. Petitioner filed the instant federal habeas petition after being denied relief on state habeas review. (Ans., Ex. 3 at 1.) The state superior court, which issued the last reasoned opinion, found that the prison's disciplinary findings "demonstrate that some evidence supports" the prison's decision. (Id. at 2.) As grounds for federal habeas relief, petitioner claims that there was insufficient evidence to support the disciplinary verdict.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits

in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

## DISCUSSION

As stated above, petitioner claims that there was insufficient evidence to support prison authorities' finding and revocation of time credits. (Pet., P. & A. at 2.)

The revocation of good-time credits does not comport with due process unless the findings of the prison disciplinary board are supported by some evidence in the record. See Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be some indicia of reliability of the information that forms the basis for prison disciplinary actions. See Cato v. Rushen, 824 F.2d 703, 704–05 (9th Cir. 1987). Review of the reliability determination should be deferential. See Zimmerlee v. Keeney, 831 F.2d 183, 186–87 (9th Cir. 1987).

Petitioner has not shown that the disciplinary decision failed to comport with due process, or otherwise violated his constitutional rights. Specifically, the record contains some reliable evidence to support the decision. Williams testified at the hearing that petitioner visited her at least five times after she had informed him that his medication would not be ready for several days. Other evidence came from petitioner himself, who testified that he more than once asked a correctional officer to intercede on his behalf with medical staff. Also, one can reasonably infer from his testimony regarding Glaze's statement ("the [n]urse told him that if I kept bothering them they were going to write me up") that not only had he made repeated requests for his medication, but also that he had been warned that his behavior may well violate prison rules. Such a record supports the conclusion that the hearing and the verdict comported with the requirements of due process as established by Hill and Zimmerlee. This Court must defer to the hearing officer's determination that the testimony he heard from Williams was credible, especially considering that petitioner's own testimony provided some corroboration. Accordingly, petitioner's claim will be denied. At a minimum, petitioner's claim must be denied because he has failed to show that there was "no reasonable basis for the state court to deny relief," Harrington v. Richter, 131 S. Ct. 770, 784 (2011), that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, 28 U.S.C. § 2254(d).

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit.

The clerk shall enter judgment in favor of respondents and close the file.

**IT IS SO ORDERED.**

DATED: April 12, 2011

CHARLES R. BREYER
United States District Judge